Per Curiam.

The contracts being separate and independent it is not a case for consolidation, and not to be dis *161 tingu.kh.3J from that of the notes. There never was an instance of consolidating different policies.(a)
Motion denied.
Radcliff and Livingston, Justices, absent.

 On promissory notes the court refused to consolidate, though the suits were between the same parties. Philips & Ludlow v. Roget, Caines’ Prac. 134, from MS. Kent, Ch. J. So where the notes fell due on different days, the K. B. denied the application. Mussenden v. O'Hara, 1 Tidd, (edit. 1803,) S56. The same principle governs in ejectments. When there are several defendants, who have several interests, the court will not consolidate. Medlicot v. Bruester, 2 Keb. 524. Aliter, where the suits are for the same premises on the same demises. Grimstone v. Burgers and others, Barnes, 176. Inactions on policies of assurance, where the rule for consolidating does apply, the court will grant imparlances in all but one, till the plaintiff’s consent to enter into the consolidation rule, which is the same as that in the English courts. Church ads. Clason & Stanley, Cole. Cas. 62. Where after consolidating a cause in one inferior court, the plaintiff discontinued in that court, and brought, for the same cause, an action in another court, proceedings were stayed till after trial of the principal cause in the consolidation rule. Parkin v. Scott, 1 Taun. 565.